**Hoy Estate**

*P. Jerome Richey,* for exceptant.
*Elizabeth Bailey,* for estate.

McKENNA, *P. J.,* May 29, 1975—This case is before us on exceptions filed on June 10, 1975, by Louise Hoy, a creditor of one of the beneficiaries, to a decree of distribution dated June 4, 1975. Mrs. Hoy objects to the distribution in kind to one of the beneficiaries of the realty at a price which, she contends, is too low. . . .

On the death of Myrtle Hoy, the two sons became entitled to one third each in her interest in the realty and on their father's death, under the intestate laws, the one-fifth interest vested in them equally.

Equibank, as administrator of the estate of Myrtle Hoy, deceased, filed its first and final account on January 3, 1975. This shows a balance for distribution of $1,883.89, which included Myrtle's undivided one-fifth interest in the Wharton Township property at a value of $862.50. It was appraised at this amount by the Commonwealth of Pennsylvania for inheritance tax purposes.

Louise Hoy is the wife of Allen J. Hoy. The parties are separated. Mrs. Hoy secured an order of support against her husband in the Family Division of this court at no. 973 of 1962. He fell in arrears in payments and on August 11, 1970,

Louise Hoy secured a judgment against him in the sum of $8,250, plus interest, from August 11, 1970, at the same number. A transcript of this judgment was filed in Fayette County on April 3, 1975. It thereby became a lien on the interest of Allen J. Hoy in the real estate which he inherited from his parents. See Adamo Est., 2 Fiduc. Rep. 618 (1952) . . .

Section 3534 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508 (No. 164), 20 Pa. C.S. §3534, provides for distribution in kind of the assets in a decedent's estate to the parties in interest. Said parties are entitled to such distribution, unless the court finds some valid reason for denying the request. It is discretionary with the court as to whether or not a petition for distribution in kind shall be honored. See Shaw's Estate, 65 Pitts. L.J. 830 (1917) and Harton's Estate, 86 Pitts. L.J. 18. In the latter case, President Judge Trimble said, page 22:

"The act of 1917 permitting distributions in kind, when sufficient reason therefor is shown by the testimony, must nevertheless be satisfactory to the court."

In this case, the auditing judge allowed distribution in kind in order to make the real estate involved more freely alienable. We find that he was justified in his decision, and that his decree must be affirmed.

It was freely admitted by counsel for William Hoy that the purpose of the proceeding was to divest the lien of the judgment held by Louise against Allen from the Wharton Township realty. The procedure was authorized by the court. Louise will receive the share of the estate to which her husband was entitled. Therefore, her lien will be divested.

Mrs. Hoy had the burden of proving that the procedure followed was unfair to her. The valuation placed on the land by the administrator of Myrtle Hoy's estate was prima facie correct. The testimony adduced on behalf of Mrs. Hoy concerning the option agreements was of no value in her cause. It is true that the optionees apparently believed that at one time the subject property was of substantial value. However, they permitted their options to expire, which is some indication that the property was not worth the sum stated in the option agreements. Mrs. Hoy has offered no other evidence of value. We find that the auditing judge was correct in determining that the request of the heirs should be honored as against her claim. The land will be freely alienable in William's hands. Louise Hoy will receive her husband's distributive share of the estate, and her judgment will continue against her husband until paid in full.

The decree of the auditing judge will be affirmed, and the exceptions filed by Louise Hoy will be dismissed.